# United States Court of Federal Claims

No. 15-403 C
(Filed September 1, 2017)

_____

**EDDIE SLAUGHTER,**

    *Plaintiff*,

**v.**

**UNITED STATES OF AMERICA,**

    *Defendant.*
_____

Motion to Dismiss; RCFC 12(b)(1) Lack of Jurisdiction; RCFC 12(b)(6) Failure to State a Claim; Member of Protected Class; United States Department of Agriculture (USDA) Farm Service Agency (FSA); Farm Ownership Loan; Farm Operating Loan; Consent Decree Distinguished from Contract

*Jayna M. Rust, Esquire,* Thompson Coburn LLP, Washington, DC, for plaintiff.

*David M. Kerr, Esquire*, United States Department of Justice, Commercial Litigation Branch, Civil Division, Washington, DC, for defendant.

## OPINION AND ORDER

**Hodges,** *Senior Judge*.

  Plaintiff Eddie Slaughter sued the United States for breach of contract. He alleges that the Department of Agriculture (USDA) did not provide debt relief promised him pursuant to a consent decree that resolved a class action of which he had been a part. *See Pigford v. Glickman*, 185 F.R.D. 82 (D.D.C. 1999). Defendant filed a motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) for lack of subject matter jurisdiction and for failure to state a claim.

  The Internal Revenue Service considers forgiveness of debt to be regular income to debtors, reported on form 1099-C, "Cancellation of Debt." Most debts that are canceled, forgiven, or discharged become taxable income to debtors. IRS forms that USDA sent to Mr. Slaughter in error after the class action was resolved indicated that plaintiff's government loans had been forgiven.

  Plaintiff relies primarily on those IRS tax forms to support his claim for breach of the consent decree. Defendant contends that 1099-C forms mistakenly sent to plaintiff for

routine tax purposes are insufficient to establish plaintiff's right to debt relief. Defendant also asserts that plaintiff's claim is barred by the statute of limitations and is collaterally estopped by a 2012 lawsuit that plaintiff filed in federal district in Georgia.

Plaintiff might have been confused by the tax forms sent to him by USDA. He might have had a good faith belief that he was entitled to additional debt relief because of those forms. However, Mr. Slaughter has not shown a legal basis for finding that defendant's mistaken delivery of tax forms created a bilateral contract between himself and the Government. For that reason, we must grant defendant's motion to dismiss.

## BACKGROUND

Eddie Slaughter is an African-American farmer who has raised crops and livestock in Buena Vista, Georgia since the 1980's. He applied for and received several loans from USDA during that time. Later, he joined with other farmers in filing a class action against USDA for discrimination against African-American farmers in connection with the loan program. The Class was successful in obtaining various forms of debt relief as a result. *Pigford v. Glickman*, 185 F.R.D. 82 (D.D.C. 1999).

The District Court for the District of Columbia resolved the *Pigford* class action in 1999. A consent decree agreed to by the parties and issued by the court established mechanisms by which claimants could recover for incidences of discrimination. Mr. Slaughter filed a claim in *Pigford* pursuant to one of those mechanisms, known as Track A. Track A provided that outstanding debts found by specially appointed adjudicators to be tainted by discrimination would be discharged.

The adjudicator assigned to plaintiff's case found discrimination in connection with some of plaintiff's loans in April 2001. These were his ownership loans. Thereafter, USDA sent several confusing or ambiguous communications to Mr. Slaughter. One message contained the IRS debt cancellation form and included a notice that it had canceled one of his loans but not the remaining three. Later, USDA acknowledged cancellation of two loans, but did not send updated 1099 forms.

Plaintiff sought reexamination of the 2001 adjudication in 2005. The adjudicator affirmed the 2001 discrimination finding involving his ownership loans, but pointed out on appeal that the 2001 adjudicator had not found discrimination in connection with the operating and emergency loans. For this reason, the 2005 adjudicator denied plaintiff relief from his operating and emergency loans. Plaintiff then filed a complaint for breach of the consent decree in the Middle District of Georgia.

The Georgia district court dismissed plaintiff's breach claim for lack of jurisdiction the following year; the court held that proceedings related to the consent decree were the exclusive jurisdiction of the District of Columbia district court. *Slaughter*

*et al. v. Vilsack et al.*, No. 12-94, 2013 WL 894189 (M.D. Ga. March 8, 2013). Plaintiff sued the United States in this court for breach of a "settlement agreement" in 2015, arguing that we have exclusive jurisdiction over such contract disputes.

The middle district of Georgia cannot remove this court's jurisdiction of contract claims against the United States, according to Mr. Slaughter. He also notes that the Government provided him with documents entitling him to relief of the debt associated with all four loans in question. USDA's unwillingness to relieve him of the debt of three of those loans was a breach of the contract, he urged.

Defendant maintains that the 1099 tax forms sent to plaintiff following the 2001 adjudicator's decision were issued in error. They were not cancellations of plaintiff's debts, and neither were they contracts. They are tax forms used for reporting debt forgiveness to IRS. Such forms are not contracts, and they cannot support such an interpretation of the consent decree. The consent decree provides relief only where an adjudicator finds discrimination, not from documentary correspondence such as 1099-C forms.

## DISCUSSION

### I. Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendant's motion to dismiss is based in part on jurisdiction. Courts assess Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction according to a preponderance of the evidence standard. *U.S. Enrichment Corp. v. United States*, 121 Fed. Cl. 532, 534 (Fed. Cl. 2015). Undisputed facts asserted in the complaint are accepted as true, drawing all reasonable inferences in favor of the non-moving party. *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1164 (Fed. Cir. 2011).

Defendant argues that the six-year statute of limitations bars plaintiff's claim because Mr. Slaughter filed his petition for review pursuant to the consent decree in 2005. Plaintiff filed suit in this court in 2015. Also, while settlement agreements are within the jurisdiction of the Court of Federal Claims, the consent decree at issue here is not a settlement agreement.

Plaintiff responds to defendant's jurisdictional arguments by contending that USDA's breach was an anticipatory repudiation of the consent decree. The date for defendant's discharge of plaintiff's debts was not fixed until the 2015 decision by the DC district court ordering the final "winding down" of the *Pigford* case, plaintiff states. The six-year period of limitations begins when the aggrieved party elects to treat a repudiation as a breach.

Plaintiff insists that this court has jurisdiction because the consent decree, having been agreed to by both parties, possesses the indicia of a contract. It reflects a *de facto* bargain and acceptance of terms. Mr. Slaughter emphasizes that neither the 2013 dismissal of plaintiff's case in a Georgia district court nor the language of a consent decree can prevent the Court of Federal Claims from exercising jurisdiction over this claim. Plaintiff notes in the alternative that the Government stopped garnishing his Social Security payments in 2012, and returned to him a portion of the amount garnished previously. This action revived the statute of limitations, plaintiff believes, if it had already run.

## II. Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim

Rule 12(b)(6) governs motions to dismiss for failure to state a claim on which relief can be granted. That rule calls upon the court to examine the complaint to determine whether its allegations are sufficient to show, at a minimum, a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

We cannot agree that the consent decree in this case is also a settlement agreement or a contract. The consent decree did not end the dispute at the heart of this litigation. It established procedural mechanisms by which claimants could secure their rights. The decree did not decide on discharge of any debts, and it did not establish plaintiffs' right to relief *per se*.

Settlement of a contract normally calls for the exchange of money or services in consideration of filing a joint motion to dismiss if litigation has begun. Settlements often include agreements whereby the parties hold each other harmless from additional litigation arising out of the same transactions. In other words, settlements are final and complete; no further actions need to be taken once consideration is exchanged.

The consent decree here does not require discharge of plaintiff's debts; it gives plaintiff and other members of the class a means by which they could petition for debt relief. To obtain debt relief, plaintiff had to prove to an adjudicator that he had been the victim of discrimination. Plaintiff may have developed a reasonable belief that he had been relieved of the debts he owed to defendant when he received debt-relief tax forms from USDA, but he knew what the adjudicator's ruling said as well. The 2005 ruling on appeal states explicitly that the decision relieving plaintiff's ownership loan debt, but not his operating or emergency loan debt, was final.

A ruling by this court that plaintiff is entitled to debt relief on all four of his loans would necessarily assume findings of discrimination that the adjudicators, operating according to the exclusive jurisdiction and direction of the district court, had rejected. The adjudicators acted within authority granted to them by consent of parties to the lawsuit and formalized by the consent decree. The district court's consent decree cannot

be construed as binding defendant to provide specific relief in this court. Plaintiff's complaint is not within the subject matter jurisdiction of this court, and it fails to state a claim upon which relief can be granted.

## CONCLUSION

Plaintiff is correct that this court's jurisdiction cannot be limited by a district court, nor can a party exclude itself from that jurisdiction by the terms of a contract or otherwise. *See, e.g., Franklin-Mason v. Mabus*, 742 F.3d 1051, 1055 (Fed. Cir. 2014). The Tucker Act grants to the Court of Federal Claims jurisdiction of claims against the United States for more than $10,000 arising from an express or implied contract. 28 U.S.C. § 1491. *See also VanDesande v. United States*, 673 F.3d 1342, 1350 (Fed. Cir. 2012).

The consent decree in this case is not a final settlement affording the parties substantive rights to specific relief. See *Rick's Mushroom Serv., Inc. v. United States*, 521 F.3d 1338, 1343 (Fed. Cir. 2008) (denying Tucker Act jurisdiction where a cost-sharing agreement lacks any substantive rights to recovery for money damages). It does not provide substantive rights to money damages, injunctive action, or other relief for class members. It does not require discharge of plaintiff's debts. The decree establishes a means for plaintiff to petition for relief according to procedures conducted by adjudicators under supervision of the district court.

As the consent decree is not a contract, and it does not provide substantive rights to money damages or other relief, we have no basis for accepting jurisdiction of this case. If this court did have jurisdiction to consider the merits of plaintiff's claim, we could not proceed beyond the pleadings because his complaint does not show a plausible entitlement to relief.

Defendant's motion to dismiss pursuant to RCFC 12(b)(1) and 12(b)(6) is GRANTED. The Clerk of Court will DISMISS the Complaint. No costs.

**IT IS SO ORDERED.**

s/*Robert H. Hodges, Jr.*
Robert H. Hodges, Jr.
Senior Judge